Hyman Barshay, J.
This is a motion for an order directing that the defendants be tried before a special jury pursuant to section 749-aa of the Judiciary Law. That section insofar as it is applicable to this motion, provides as follows: “ 4. Application for special jury. Whenever an issue of fact has arisen in any civil or criminal action triable in a county embraced within the provisions of this section, the district attorney, or the defendant, if in a criminal action * * * may apply for a special jury to try such issue. * * * Where, upon such application, it appears to the court that by reason of the importance or intricacy of the case, a special jury is required, or that the subject-matter of the indictment or the issue to be tried has been so widely commented upon that the court is satis *420 fled that an ordinary jury cannot without delay and difficulty be obtained to try such issue, or that for any other reason the due, efficient and impartial administration of justice in the particular case would be advanced by the trial of such an issue by a special jury, the court to which the motion is made may make an order directing that such trial be had by a special jury, and such trial shall be had accordingly. ’ ’
The defendants have been indicted for murder in the first degree in that while acting in concert, struck, punched, kicked, stomped and stabbed Sherman Williams, with their hands, fists, booted feet, sticks, and other objects and things, thereby inflicting divers wounds upon said Sherman Williams, as a result of which he died. The reasons in support of said motion as set forth in the moving papers are as follows: ‘1 That the action is one of great importance and intricacy, involving proof that the defendants are guilty of the crime of murder in the first degree and will involve intricate questions of law and fact. That the case is an extremely important one both from the standpoint of the People and the defendants. That due, efficient and impartial administration of justice will be advanced by having a trial hearing before a special jury instead of an ordinary jury. ’ ’ The moving papers do not set forth and oral argument did not supply any facts to substantiate the aforesaid conclusions. The Grand Jury minutes reveal no complicated questions of fact or law. The case has not attracted any publicity. Under the circumstances, justice will be amply served by a trial before an ordinary jury. The motion is denied and the case is set for trial on April 24, 1961.